### On State's Application to File Second Motion for Rehearing.

MARTIN, J. Appellee presents an application to file a second motion for rehearing. The substance of its complaint seems to be that, since the court failed to discuss the Carlesi Case, 233 U. S. 51, 34 S. Ct. 576, 58 L. Ed. 843, in its opinion on motion for rehearing, this court intends to overrule same, or at least refuses to follow it. The court, speaking through Justice Lattimore in its original opinion herein, discusses the Carlesi Case, supra, in language which we think is plain and unmistakable, and which made unnecessary any further reference to same in the court's opinion on motion for rehearing. Our construction of such case is not, in our opinion, susceptible of the interpretation now attempted to be placed on it by the State. We deem it useless to reiterate what seems already to have been clearly stated.

The motion is denied.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### MOTES v. STATE. (No. 12352.)

Court of Criminal Appeals of Texas. March 13, 1929.

Rehearing Denied June 12, 1929. Further Rehearing Denied Oct. 16, 1929.

Smith & Smith, of Anson, and Stinson, Hair, Brooks & Duke, of Abilene, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for selling intoxicating liquor; punishment, four years in the penitentiary.

The motion for new trial in this case was overruled September 13, 1928, and an order then made granting 60 days for filing bills of exception. This period thus given ended November 12, 1928. On November 17th the learned trial judge granted an application made for an extension of time, giving 30 days additional. The court below was without power to make such extending order, the period originally granted having expired. Authorities are numerous and recent, and need not be quoted. The bills of exception in this case appear to have been filed on December 12, 1928. Same cannot be considered because filed too late. The facts in evidence have been examined and are believed to be amply sufficient to support the judgment and conclusion of the jury.

No error appearing, the judgment will be affirmed.

### On Motion for Rehearing.

At a former day of this term this case was affirmed, we then declining to consider certain bills of exception because it appeared that same were filed too late. It is now made to appear that the trial judge within the time fixed signed and delivered to the attorneys for appellant an order extending the time for filing such bills of exception, which order was not filed by the clerk of the trial court until after the time for filing such bills of exception had expired. Believing that the showing made entitles appellant to have his said bills considered, same will now be looked to.

Bill of exceptions No. 1 complains of the refusal of a peremptory instruction and is without merit. Bill No. 2 complains of the refusal of a special charge asking an instruction to the jury to return a verdict of acquittal upon the ground that the state had failed to prove that the liquor sold by appellant was spirituous, vinous, or malt. The proof showing the liquor to be whisky, this also under the facts was properly refused. Bill No. 3 sets out an exception to the court's charge because he told the jury that whisky was a spirituous liquor capable of producing intoxication. The authorities holding that the charge announced a sound proposition are uniform and too numerous to need citation. The charge against appellant was the selling of spirituous, vinous, malt, and intoxicating liquor. The court's charge told the jury to find appellant guilty if he sold spirituous, vinous, malt, or intoxicating liquor. Appellant complains in bill of exceptions No. 4 of the court's use of the word "or" in the charge. The

charge is correct. Appellant would be guilty if he sold intoxicating liquor of any one of the descriptions mentioned in the indictment. The complaint in bill of exceptions No. 5, that the use of the word "or" in such charge submitted an offense variant from that charged in the indictment, has no foundation.

■ Appellant complains in bill of exceptions No. 6 of testimony of the sheriff, who was asked if he searched the defendant's car on the night after this alleged sale was made, and he replied, "I searched a car that night." This bill is qualified by the statement of the trial court that no objection was made to the question as to whether the sheriff searched a car, and that, when objection was made as to what the sheriff found in the car, the district attorney withdrew the question. The bill as qualified shows no error.

■ Complaint is made in another bill that the sheriff and district attorney held a private conversation with the court in the presence of the jury, after which the sheriff was put back on the witness stand and gave testimony., We find nothing in such conduct which in any wise transgressed or trespassed upon the rights of appellant, and the bill is without merit.

■ There is complaint of the testimony of the district attorney; the complaint being that the testimony had reference to written statements which would be the best evidence. This bill is also qualified by the court so as to make it appear that the objection was that it appeared the district attorney had a book in which he had written down testimony and requested the parties to sign and swear to it. There is nothing in this complaint.

This disposes of each of the bills of exception which we find in the record, and, being of opinion that none of them show error, the motion for rehearing will be overruled.

### On Further Motion for Rehearing.

HAWKINS, J. Appellant requests us to consider what might appear to be a second motion for rehearing, but the record shows it to be in fact a first motion so far as the merits are concerned. We have carefully re-examined the points urged in the motion referred to, and believe no error occurred in our former disposition of the case.

The motion for rehearing is overruled.